[This opinion has been published in *Ohio Official Reports* at 67 Ohio St.3d 439.]

THE STATE OHIO EX REL. STEFFEN, APPELLANT, *v*. KRAFT, JUDGE, APPELLEE.

[Cite as *State ex rel. Steffen v. Kraft*, 1993-Ohio-32.]

*Public records—R.C. 149.43—Trial judge's personal handwritten notes made during the course of a trial are not public records.*

(No. 92-2255—Submitted August 16, 1993—Decided October 6, 1993.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920565.

———————————

{¶ 1} In 1983, a jury convicted relator-appellant, David J. Steffen, of rape, aggravated burglary and aggravated murder, and recommended the death penalty. Subsequently, we affirmed Steffen's death sentence. *State v. Steffen* (1987), 31 Ohio St.3d 111, 31 OBR 273, 509 N.E.2d 383, certiorari denied, *Steffen v. Ohio* (1988), 485 U.S. 916, 108 S.Ct. 1089, 99 L.Ed.2d 250.

{¶ 2} In July 1992, Steffen petitioned for a writ of mandamus in the court of appeals directed against respondent, Judge Robert S. Kraft, who had presided at his murder trial. Steffen asserted he was entitled to review notes that Judge Kraft had made during the murder trial as "public records" under R.C. 149.43. Judge Kraft moved to dismiss, asserting the complaint "failed to state a cause of action." The court of appeals agreed and dismissed Steffen's complaint.

{¶ 3} The cause is now before us upon an appeal as of right.

———————————

*James Kura*, Ohio Public Defender, and *Dale A. Baich*, Assistant Public Defender, for appellant.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*Baker & Hostetler*, *David L. Marburger* and *Beth A. Brandon*, urging reversal for *amici curiae*, Cincinnati Post, Ohio Newspaper Association and Plain Dealer Publishing Company.

_____

**Per Curiam.**

{¶ 4} The court of appeals did not err in dismissing Steffen's mandamus complaint seeking public access to respondent's personal trial notes. That court also properly acted within its discretion in declining to conduct an in camera review of the notes.

{¶ 5} A trial judge's personal handwritten notes made during the course of a trial are not public records. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 281, 485 N.E.2d 706, 709, fn. 2; *State ex rel. Martinelli v. Corrigan* (1991), 71 Ohio App.3d 243, 593 N.E.2d 364.

{¶ 6} R.C. 149.43(A)(1) defines "public record" as a "record that is kept by any *public office*" (emphasis added); it does not define a "public record" as any piece of paper on which a public officer writes something. No law or regulation requires such notes. Of course, the General Assembly amended R.C. 149.43, in 1985, to delete the previous language defining a "public record" as a record "required to be kept" by a public office. See *State ex rel. Cincinnati Post v. Schweikert* (1988), 38 Ohio St.3d 170, 173, 527 N.E.2d 1230, 1232. However, we cannot believe the General Assembly thereby intended to convert a judge's personal handwritten trial notes into public records.

{¶ 7} Instead, such notes are simply personal papers kept for the judge's own convenience and not official records. Steffen has not asserted that other court officials had access to or used the notes, nor does Steffen assert the clerk of courts had custody of the notes as official records. See R.C. 2303.09 and 2303.14.

{¶ 8} Federal courts have also recognized that personal uncirculated handwritten notes reflecting an employee's impression of substantive discussions

and agency business meetings are not "agency records." See *Sibille v. Fed. Reserve Bank* (S.D.N.Y. 1991), 770 F.Supp. 134; *British Airports Auth. v. Civ. Aeronautics Bd.* (D.D.C. 1982), 531 F.Supp. 408; *Izaak Walton League of Am., Porter Cty. Chapter v. United States Atomic Energy Comm.* (N.D.Ind. 1974), 380 F.Supp. 630. See, also, *United States Dept. of Justice v. Tax Analysts* (1989), 492 U.S. 136, 147, 109 S.Ct. 2841, 2849, 106 L.Ed.2d 112, 127; *Bur. of Natl. Affairs, Inc. v. United States Dept. of Justice* (C.A.D.C. 1984), 742 F.2d 1484; Annotation (1980), 50 A.L.R.Fed. 336.

{¶ 9} Moreover, permitting a litigant access to a judge's personal trial notes would intrude upon a judge's subjective thoughts and deliberations, threatening the orderly administration of justice. If the notes were available, counsel could presumably ask the court to explain the notes, such as why the court recorded some events and not others, or why the trial court characterized certain events in a certain manner. By comparison, courts do not permit counsel to inquire of jurors as to their deliberations. See Evid.R. 606(B); *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 18 OBR 322, 480 N.E.2d 794, paragraph three of the syllabus.

{¶ 10} Thus, if R.C. 149.43 were interpreted to mandate public access to a trial judge's personal notes, that result could be construed as an unconstitutional legislative encroachment upon the independence of the judiciary. Where possible, a court will construe a statute so as to avoid potential conflict between the statute and the Constitution. See *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 105, 522 N.E.2d 489, 495. Thus, we decline to read R.C. 149.43(A)(1), "record that is kept by any public office," as including a judge's trial notes, since to read it so would raise serious constitutional questions.

**{¶ 11}** Neither litigants nor any other persons lose any information as a result of this holding.[1]  The notes are no substitute for the transcript, and any reference that Judge Kraft made concerning his notes, prior to sentencing Steffen, meant nothing more than recalling to his mind the trial testimony.  Steffen, his counsel, and the general public have free and unrestricted access to the complete transcript of what occurred at trial.  See R.C. 2929.03(G); Crim.R. 22, C.P.Sup.R. 10; *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625.

**{¶ 12}** We also reject Steffen's claim that the court of appeals should have conducted an *in camera* review of Judge Kraft's notes.  An *in camera* inspection would be superfluous when the complaint fails to state a cause of action under R.C. 149.43.  See *State ex rel. Shane v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 564 N.E.2d 89; *State ex rel. McGee v. Ohio State Bd. of Psychology* (1990), 49 Ohio St.3d 59, 60, 550 N.E.2d 945.

**{¶ 13}** Accordingly, the judgment of the court of appeals dismissing the complaint is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____

---

1.  Contrary to Steffen's claims, the "open courts" provision of the Ohio Constitution "creates no greater right of public access to court proceedings" than that accorded by the Free Speech and Free Press Clauses of the Bill of Rights amending the United States Constitution and comparable sections of the Ohio Constitution. *In re T.R.* (1990), 52 Ohio St.3d 6, 556 N.E.2d 439, paragraph two of the syllabus.