## STATE of Ohio ex rel. PAUER

### v.

### ERTEL, Clerk of Shaker Hts. Mun. Court.

[Cite as *State ex rel. Pauer v. Ertel,* 149 Ohio App.3d 287, 2002-Ohio-4592.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81323.

Decided Sept. 5, 2002.

Daniel T. Pauer, for petitioner.

Eric J. Stecz, Shaker Heights Assistant City Prosecutor, for respondent.

---

Timothy E. McMonagle, Administrative Judge.

{¶ 1} Relator requested permission to review and copy the contents of a file in the custody of respondent Clerk of the Shaker Heights Municipal Court. In relator's presence, the court's bailiff was instructed by the prosecutor to remove "a yellow legal sized note sheet" containing the notes of the judge of that court before the bailiff handed the file to relator. On a later occasion, respondent refused to permit relator to review the judge's notes. Relator requests that, under R.C. 149.43 (Ohio's public records law), this court issue a writ of mandamus compelling respondent to permit relator to inspect and copy "the complete file(s)" maintained by respondent.

{¶ 2} Respondent has filed a motion to dismiss and argues that the judge's notes are not public records. Relator has opposed the motion to dismiss and argues that, because the judge's notes were in the court file, relator is entitled to inspect and copy the notes. For the reasons stated below, we grant the motion to dismiss.

{¶ 3} In *State ex rel. Steffen v. Kraft* (1993), 67 Ohio St.3d 439, 619 N.E.2d 688, the Supreme Court affirmed the judgment of the Court of Appeals for Hamilton County, dismissing an action in mandamus seeking access to the personal trial notes of the respondent judge.

 {¶ 4} "A trial judge's personal handwritten notes made during the course of a trial are not public records. *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 281, 485 N.E.2d 706, 709, fn. 2; *State ex rel. Martinelli v. Corrigan* (1991), 71 Ohio App.3d 243, 593

N.E.2d 364." Id. at 439, 619 N.E.2d 688. Despite the *Steffen* court's reaffirming the holding of *Gosser*, relator argues that the following portion of the *Steffen* opinion requires that this court hold that the "yellow legal sized note sheet" is a public record.

{¶ 5} "[A judge's personal handwritten trial] notes are simply personal papers kept for the judge's own convenience and not official records. Steffen has not asserted that other court officials had access to or used the notes, nor does Steffen assert the clerk of courts had custody of the notes as official records. See R.C. 2303.09 and 2303.14." *Steffen*, supra, at 440, 619 N.E.2d 688.

{¶ 6} That is, relator would have this court hold that the presence of the "yellow legal sized note sheet" in the case file retained by the clerk is the dispositive fact. Although the *Steffen* court indicated that the absence of the notes from the clerk's file was one indicator that the notes were not public records, reading *Steffen* in its entirety requires that we conclude that the complaint in this action fails to state a claim for relief in mandamus.

{¶ 7} "[P]ermitting a litigant access to a judge's personal trial notes would intrude upon a judge's subjective thoughts and deliberations, threatening the orderly administration of justice. * * *

{¶ 8} "Thus, if R.C. 149.43 were interpreted to mandate public access to a trial judge's personal notes, that result could be construed as an unconstitutional legislative encroachment upon the independence of the judiciary." Id.

{¶ 9} Indeed, the portion of *Steffen* on which relator relies reinforces this conclusion. For example, relator does not aver that the judge's notes were delivered to the clerk to be filed with and preserved by the court. See R.C. 2303.09, which the Supreme Court cited in *Steffen*. See, also, R.C. 1901.31(E), governing clerks of municipal courts, which provides in part: "The clerk shall do all of the following: file and safely keep all journals, records, books, and papers belonging or appertaining to the court * * *." In light of the Supreme Court's clear statement that the judge's handwritten trial notes "are simply personal papers," we cannot conclude that relief in mandamus is appropriate. Compare *State ex rel. Murray v. Netting* (Sept. 18, 1998), Guernsey App. No. 97–CA–24, 1998 WL 666742 (the mere fact that the handwritten notes of interviewers of candidates for chief of police were in the custody of the mayor did not make the notes public records).

{¶ 10} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Petition dismissed.

MICHAEL J. CORRIGAN and FRANK D. CELEBREZZE, JR., JJ., concur.