THE STATE EX REL. CRANFORD, APPELLANT, *v.* CLEVELAND ET AL., APPELLEES.

[Cite as *State ex rel. Cranford v. Cleveland,*
**103 Ohio St.3d 196, 2004-Ohio-4884.**]

(No. 2004–0490—Submitted July 20, 2004—Decided September 29, 2004.)

**Per Curiam.**

{¶ 1} Appellant, Eugene Cranford Jr., was employed by appellee city of Cleveland as the secretary of the Board of Zoning Appeals and the Board of Building Standards and Appeals. After receiving reports of Cranford's offensive conduct towards women while performing his duties, appellee Cleveland City Planning Commission Director Chris Ronayne conducted a predisciplinary conference on July 22, 2003. Cranford attended the conference with his attorney. During the conference, Cranford admitted that he had sent certain improper e-mails. Ronayne concluded that "statements of the female charging parties, as well as the contemporaneous e-mails, support the conclusion that [Cranford's] actions are unwelcome, offensive and highly inappropriate for a representative of the City of Cleveland."

{¶ 2} By letter dated August 25, 2003, Ronayne terminated Cranford's employment with Cleveland. On August 28, 2003, Cranford appealed the decision to the Cleveland Civil Service Commission.

{¶ 3} On August 30, Cranford requested that Cleveland Department of Law Public Records Officer Kimberly Roberson provide access to the following:

{¶ 4} "1. Any and all documents relating to an investigation performed by City of Cleveland regarding a charge of misconduct against Eugene Cranford, former Secretary to the Board of Zoning Appeals, City Planning Commission. This should include, but is not limited to, all reports, recommendations, e-mails, memorandums, notes, letters, correspondence, and any other records relating to this matter.

{¶ 5} "2. The complete Civil Service, personnel, divisional, departmental, and/or personnel files for Eugene Cranford Jr."

{¶ 6} In September 2003, Roberson requested that various Cleveland employees, including Ronayne, send responsive documents to her attention. On September 3, the civil service commission notified Roberson that it had no responsive documents. On September 5, Ronayne asked another employee to deliver the pertinent records to the law department. From September 9 to September 24, Roberson was on vacation.

{¶ 7} On September 22, 2003, Cranford requested that a city attorney advise him when the requested documents would be available. The city attorney, who was out sick most of that week, responded on September 24 that the city was following up on the renewed request. On September 24, Roberson asked Ronayne for the responsive records. Some delay may have been caused by confusion concerning whether the records had already been delivered to the law department.

{¶ 8} On September 30, 2003, Cranford filed a complaint for a writ of mandamus in the Court of Appeals for Cuyahoga County. In his complaint, as subsequently amended, Cranford requested a writ of mandamus to compel appellees, Cleveland, Ronayne, and Cleveland Director of Law Subodh Chandra, to provide him with access to the requested records. Cranford also requested an award of attorney fees and costs. On October 7, 2003, the city provided the requested records to Cranford. Appellees subsequently answered Cranford's amended complaint and moved for summary judgment because the mandamus claim was moot.

{¶ 9} On October 16, 2003, the civil service commission held a hearing on Cranford's appeal of his discharge from employment. At that hearing, Ronayne read from his personal notes, including some questions he had asked and answers Cranford had given during the July 22, 2003 predisciplinary conference. Ro-

nayne testified that he takes notes to remember events during the day, like the notes he had just taken and used that day during the civil service commission hearing itself. Appellees had not given Cranford copies of Ronayne's personal notes from the earlier predisciplinary conference in response to Cranford's public records request.

{¶ 10} On December 23, 2003, Cranford filed a brief opposing appellees' summary-judgment motion, claiming that appellees had not complied with his public-records request because they had not given him copies of Ronayne's personal notes. Cranford further argued that he should be awarded attorney fees.

{¶ 11} On February 6, 2004, the court of appeals granted appellees' motion for summary judgment, denied the writ, and denied Cranford's request for attorney fees. *State ex rel. Cranford v. Cleveland*, Cuyahoga App. No. 83534, 2004–Ohio–633, 2004 WL 253508.

{¶ 12} This cause is now before the court upon Cranford's appeal as of right.

## Mandamus: Personal Notes

{¶ 13} Cranford asserts that the court of appeals erred in holding that Ronayne's personal notes were not public records. Cranford's assertion lacks merit.

{¶ 14} "R.C. 149.43(A)(1) defines 'public record' as a 'record that is kept by any *public office*' (emphasis added); it does not define a 'public record' as any piece of paper on which a public officer writes something." *State ex rel. Steffen v. Kraft* (1993), 67 Ohio St.3d 439, 440, 619 N.E.2d 688.

{¶ 15} In *Steffen*, we held, "A trial judge's personal handwritten notes made during the course of a trial are not public records." Id. at 439, 619 N.E.2d 688; see, also, *State ex rel. Mothers Against Drunk Drivers v. Gosser* (1985), 20 Ohio St.3d 30, 32, 20 OBR 279, 485 N.E.2d 706, fn. 2 (interpreting a prior version of the statute).

{¶ 16} In so holding, we emphasized that personal notes are kept for the judge's own convenience and are not official records:

{¶ 17} "[S]uch notes are simply personal papers kept for the judge's own convenience and [are] not official records. [Relator] has not asserted that other court officials had access to or used the notes, nor does [relator] assert the clerk of courts had custody of the notes as official records." *Steffen*, 67 Ohio St.3d at 440, 619 N.E.2d 688.

{¶ 18} As in *Steffen*, Ronayne's notes were kept for his own convenience to recall events and were not kept as part of the city's or the planning commission's

official records. Nor is there any evidence or argument that other city officials had access to or used the notes.

{¶ 19} Moreover, as in *Steffen*, "[n]either litigants nor any other persons lose any information" as a result of holding that Ronayne's personal notes are not public records. 67 Ohio St.3d at 441, 619 N.E.2d 688. Ronayne and his attorney were also present at the predisciplinary conference and could have taken their own notes during the conference or requested that it be transcribed. In fact, to the extent that Ronayne relied on his notes, he read most of them into the transcribed civil service commission hearing to which Cranford was afforded access.

{¶ 20} Further, insofar as Cranford cites pages of the civil service commission transcript attached to his reply brief that are not part of the record on appeal, "we cannot add matter to the record before us and decide this appeal based on that new matter." *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002–Ohio–4906, 775 N.E.2d 512, ¶ 16.

{¶ 21} Therefore, based on *Steffen*, Ronayne's personal notes are not public records subject to disclosure under R.C. 149.43. See *State ex rel. Murray v. Netting* (Sept. 18, 1998), Guernsey App. No. 97–CA–24, 1998 WL 666742, applying *Steffen* to handwritten notes of public officials during interviews of police chief candidates ("We see no reason to distinguish between a Judge's handwritten notes and the handwritten notes in the instant case. The notes were personal papers of the interviewers, used to complete the evaluation forms, to which relator is entitled. The mere fact that some of these notes happened to end up in the custody of respondent does not render them public records"); see, also, *State ex rel. Pauer v. Ertel*, 149 Ohio App.3d 287, 2002–Ohio–4592, 776 N.E.2d 1173 (judge's personal notes inadvertently placed in court file).

{¶ 22} Our conclusion is consistent with courts of other jurisdictions holding that personal notes of public officials generally do not constitute public records. See, e.g., Annotation, What Are "Records" of Agency Which Must Be Made Available Under Freedom of Information Act (1999), 153 A.L.R.Fed. 571, 596– 598, Section 8, 1999 WL 181403; *Justice Coalition v. First Dist. Court of Appeal Judicial Nominating Comm.* (Fla.App.2002), 823 So.2d 185; *Internatl. Union, United Auto., Aerospace & Agricultural Implement Workers of Am. v. Voinovich* (1995), 100 Ohio App.3d 372, 376, 654 N.E.2d 139, fn. 1.

### Mandamus: Provision of Requested Records

{¶ 23} Because Ronayne's personal notes are not public records, Cranford has received all of the requested public records. Consequently, Cranford's mandamus claim was rendered moot. See *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002–Ohio–

7041, 781 N.E.2d 163, ¶ 8 ("In general, the provision of requested records to a relator in a public-records mandamus case renders the mandamus claim moot").

## Attorney Fees

{¶ 24} Cranford claims that the court of appeals erred in denying his request for attorney fees. "In an appeal of a judgment granting or denying fees in a public records case, we review whether the court abused its discretion." *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 314, 750 N.E.2d 156. "Abuse of discretion" means unreasonable, arbitrary, or unconscionable. *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002–Ohio–2219, 767 N.E.2d 719, ¶ 14.

{¶ 25} The court of appeals did not abuse its discretion here. Cranford was not entitled to fees related to his meritless requests for Ronayne's personal notes and for commission records that did not exist. *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969 ("Relators are not entitled to attorney fees concerning those [public-records] claims that were meritless").

{¶ 26} In addition, regarding the remaining records provided by appellees, the court reasonably concluded that Cranford did not establish a sufficient public benefit. These records were mostly beneficial to *him,* and he ultimately received the records in time for his civil service commission hearing. The degree of *public* benefit was minimal. See *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004–Ohio–1497, 805 N.E.2d 1116, ¶ 47, quoting *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 54, 689 N.E.2d 25 ("In exercising discretion in this [attorney-fee] determination, 'courts consider the reasonableness of the government's failure to comply with the public records request and the degree to which the public will benefit from release of the records in question' ").

{¶ 27} Finally, the mere fact that appellees attempted to settle the attorney-fees claim and used inartful language in phrasing their request for relief in their answer does not warrant an award of fees based on bad faith. Cf. Evid.R. 408, specifying that evidence of settlement offer is inadmissible to prove liability for a claim.

## Conclusion

{¶ 28} Based on the foregoing, the court of appeals properly denied the writ and the request for attorney fees. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Caroline Watson, for appellant.

Subodh Chandra, Cleveland Director of Law, Theodora Monegan, Chief Assistant Director of Law, and José M. Gonzalez, Assistant Director of Law, for appellees.