OPINION
{¶ 1} Defendant-appellant, Charlie Kamal, appeals a decision of the Campbell Municipal Court awarding judgment to plaintiff-appellee, Latonya Gore, following a bench trial.
 {¶ 2} At the outset, it should be noted that a transcript of the trial in this case is unavailable. Therefore, the only underlying facts that can be gleaned from the record are those provided from two sources. The first source is an entry made and signed by the trial court on September 23, 2005, the day of the trial, which appears to be an abbreviated Findings of Fact and Conclusions of Law.
 {¶ 3} The second source is a Statement of Evidence proffered by appellant. App.R. 9(C) allows for an appellant to file a Statement of Evidence or Proceedings when no report was made or when the transcript is unavailable. The trial court approved it on May 26, 2006, and this Court included it as part of the record by way of journal entry filed on July 20, 2006.
 {¶ 4} Turning now to the underlying facts of this case, in May 2005, appellee took her 1995 Pontiac Grand Am to appellant's auto repair shop, McCartney Auto Sales in Campbell, Ohio, to have the engine replaced. Appellant "effectively" replaced the vehicle's engine. Appellee drove the vehicle from appellant's property six weeks later, after an extensive delay due to appellee's inability to pay for the aforementioned services.
 {¶ 5} Approximately one week later, appellee returned to appellant's shop and requested that appellant replace the vehicle's alternator. Appellant completed the repairs at no charge and appellee reclaimed her vehicle without incident. Shortly thereafter, appellee returned to appellant's business again. This time appellee requested that appellant repair the ignition switch (not the entire ignition system), which appellant repaired and the vehicle was returned to appellee.
 {¶ 6} Approximately nine weeks later, appellee approached appellant, claiming that appellant's repairs resulted in damage to the vehicle's transmission.
 {¶ 7} On July 25, 2005, appellee filed a small claim complaint in Campbell Municipal Court against appellant. She claimed that she had paid appellant $1800 *Page 3 
for her car to be repaired and that it was still not running.
 {¶ 8} A trial was held on the matter on September 23, 2005. Appellant and appellee both testified. Appellant's Statement of Evidence states that "it was established that the work Appellant was hired to perform consisted primarily of engine work and Appellant did not perform any services to the vehicle's transmission." It appears that appellee contended that while appellant was attempting to repair the engine he cut the wiring harness causing damage to the transmission. Appellee provided the trial court with receipts from Lowe's Auto Repair (Lowe's) and Taylor Brother's Muffler and Brake, Inc. (Taylor's). Those receipts included repairs to the transmission, wire harness, steering column, head gasket, entire ignition system, the brake boots and spark plugs. Appellant maintained that he replaced the engine, installed a new ignition switch, and did not touch the wiring harness. Appellant argues on appeal that the repairs detailed in the Lowe's receipt are unrelated to the repairs he was paid to perform.
 {¶ 9} After the trial court received a notarized receipt of the repairs which Lowe's had performed on September 30, 2005, the court entered judgment in appellee's favor in the amount of $1800 plus costs and five percent interest from that date. This appeal followed.
 {¶ 10} Appellee has failed to file a brief in this matter. Therefore, this Court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 11} Appellant's first assignment of error states:
 {¶ 12} "THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND DEFENDANT-APPELLANT LIABLE FOR FAILING TO PROPERLY REPAIR PLAINTIFF-APPELLEE'S VEHICLE."
 {¶ 13} Judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. CE. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. See, also, Gerijo, Inc. v. *Page 4 Fairfield (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533. Reviewing courts must oblige every reasonable presumption in favor of the lower court's judgment and finding of facts. Gerijo, 70 Ohio St.3d at 226,638 N.E.2d 533 (citing Seasons Coal Co., Inc. v. Cleveland [1984],10 Ohio St.3d 77, 10 O.B.R. 408, 461 N.E.2d 1273). In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. Id. In addition, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. Kalain v. Smith (1986),25 Ohio St.3d 157, 162, 25 OBR 201, 495 N.E.2d 572.
 {¶ 14} Appellee's claim was essentially one for breach of contract. In order to establish a breach of contract claim, a plaintiff must establish the following elements: "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." Doner v. Snapp (1994), 98 Ohio App.3d 597, 600,649 N.E.2d 42.
 {¶ 15} Appellant contends that he had an agreement with appellee to repair only the engine, alternator, and ignition switch, not the entire ignition system. Appellant argues that appellee failed to introduce any evidence that he damaged the vehicle's transmission. Rather, appellant argues, the vehicle's damaged transmission was a result of the vehicle's condition when appellee purchased it.
 {¶ 16} Appellee provided the trial court with a notarized receipt on September 30, 2005. The receipt is from Lowe's Auto Repair in Farrell, Pennsylvania. It indicates that the vehicle's ignition, wire harness, steering column, head, and transmission were replaced for a total of $1895.
 {¶ 17} In this case, the record reveals that the central factual issue before the trial court was whether or not appellant cut the wiring harness causing damage to the vehicle's transmission. Appellee maintained that appellant cut the wiring harness causing damage to the vehicle's transmission and that the repairs detailed in the Lowe's receipt were related to repairing the damaged transmission. Appellant maintained that he did not touch the wiring harness and essentially argues that the *Page 5 
damage to the transmission was unrelated to any of the repair work he was hired to do on the vehicle. Given each of the parties' conflicting positions in this case, it is fair to say that this is the type of case where the evidence was susceptible to more than one interpretation. Therefore, in that type of situation, this Court must construe it consistently with the lower court's judgment. Gerijo, supra. In addition, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. Kalain, supra. In sum, we find that the trial court's judgment was not against the weight of the evidence.
 {¶ 18} Accordingly, appellant's first assignment of error is without merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARED [sic] DAMAGES TO PLAINTIFF-APPELLEE IN AN AMOUNT EQUAL TO $1800 PLUS COSTS AND INTEREST."
 {¶ 21} "[A] reviewing court will not disturb a trial court's decision relative to an assessment of damages absent an abuse of discretion."Scolieri v. Danko Fine Landscaping, 7th Dist. No. 04 MA 59,2005-Ohio-2787, at ¶ 38, citing Roberts v. United States Fid. Guar.Co. (1996), 75 Ohio St.3d 630, 634, 665 N.E.2d 66. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State exrel. Cranford v. Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884,814 N.E.2d 1218, at ¶ 24.
 {¶ 22} Appellant argues that the trial court abused its discretion when it awarded appellee damages of $1800 plus costs and interest because there was no evidence to support those damages. Specifically, appellant argues that the repairs detailed in the Lowe's receipt presented to the trial court fail to show that those repairs were related to any act or omission on his part.
 {¶ 23} As indicated under appellant's first assignment of error, the evidence presented concerning the issue of the cause of the damage to the vehicle's transmission was conflicting. Therefore, for the same reasons discussed under that assignment of error, it cannot be said that the trial court's award of damages for the *Page 6 
repairs to the transmission was an abuse of discretion.
 {¶ 24} Accordingly, in addition to the reasons discussed under appellant's first assignment of error, appellant's second assignment of error is without merit.
 {¶ 25} The judgment of the trial court is hereby affirmed.
 Waite, J., and DeGenaro, P.J., concurs. *Page 1