OPINION *Page 2 
{¶ 1} Appellant, Victoria Coman, appeals a decision of the Mahoning County Common Pleas Court, Probate Division, distributing the net proceeds of a wrongful death claim filed on behalf of her deceased father, David Coman, to her mother, the decedent's surviving spouse, Gloria Coman.
 {¶ 2} David Coman died on October 20, 2002, from lung cancer, allegedly brought on as the result of his exposure to asbestos. He was survived by his wife, Gloria Coman, and two children, appellant and David Coman, Jr. His last will and testament, which devised all of his property to his wife, was admitted to probate on September 13, 2006. She was appointed executrix of the estate. There existing no probate assets to be administered, the estate was opened for the sole purpose of pursuing asbestos related wrongful death claims.
 {¶ 3} On May 31, 2007, an application to approve partial settlement and distribution of wrongful death and survival claims was filed and a hearing for the application was set for July 10, 2007. Appellant, proceeding pro se, filed a request for a continuance. A South Carolina resident at the time, appellant claimed that she was scheduled to be in court in two separate cases on July 10 and July 12 in the "Carolina's." In attachments to her motion, appellant detailed the acrimonious relationship that existed between herself and her mother and brother, and claimed that her father would have wanted her to share in any proceeds from a wrongful death settlement. The probate court denied the requested continuance because appellant failed to attach a copy of the "conflicting assignment" as proof. On July 6, 2007, appellant filed a second request to which she attached proof of the conflicting dates.
 {¶ 4} The probate court conducted a hearing on the application on July 10, 2007. In an entry filed the following day, the court approved the partial settlement. However, the court also granted appellant's second request for continuance as to the distribution of the net proceeds of the partial settlement and set that matter for hearing on September 4, 2007. *Page 3 
 {¶ 5} Appellant requested a continuance of the September 4th hearing. This time she claimed that she had been "involved in a personal injury" and would not be able to appear at the hearing due to those injuries. She also indicated that she was uncertain when she would be able to appear. The probate court denied her request, noting that it had previously granted her a continuance of a prior hearing.
 {¶ 6} The distribution hearing proceeded on September 4, 2007, before a magistrate. Gloria Coman and her sister, Shirley Murphy testified. On September 5, 2007, the magistrate issued a decision recommending that all of the net proceeds from the wrongful death claim be distributed to Gloria Coman as the surviving spouse. The decision noted that the testimony established that Gloria and David were married for forty-six years and had a "very good relationship." It also noted that Gloria cared for David in the years he suffered from Leukemia and cancer. Concerning appellant, the decision referred to testimony that David had a "very poor relationship" with her, she had moved away to South Carolina in 1993 visiting him only once or twice before he died, and that when they did speak the conversation usually ended in an argument. That same day, the probate court judge adopted the magistrate's decision in whole. David's son, David Coman, Jr., waived any interest in the proceeds and consented to them being distributed to his mother.
 {¶ 7} On September 13, 2007, appellant filed a "MOTION TO RECONSIDER/OBJECT AND CHARGE BOTH WITNESSES WITH PERJURY." In the motion, she claimed that she returned to Ohio, found a job, and rented an apartment to care for her father during his illness. She maintained that her mother and Shirley had committed perjury when they testified that she had a poor relationship with her father, visited him only once or twice before he died, and that they argued. She requested a "substantial" portion of the proceeds and asked the court that Gloria Coman and Shirley Murphy be charged with perjury. Appellant attached to the motion the same copy of her affidavit that she had attached to previous filings detailing the acrimonious relationship that existed between herself and her mother and brother. She also attached copies of photographs picturing her *Page 4 
together with her father and copies of various documents reflecting expenditures she made in coming to Ohio to care for her father.
 {¶ 8} On September 17, 2007, the probate court denied appellant's motion on three grounds. First, it noted that a motion to reconsider is considered a nullity. Second, it found appellant's allegations of perjury unproven, and criminal in nature, and therefore not properly before that court. Lastly, the court construed the remainder of appellant's motion as an objection to the magistrate's decision. The court noted appellant's failure to appear at the hearing and observed that the testimony concerning her relationship with her father was unrefuted. The court also dismissed the photographs and other items attached to her motion as unrelated and unauthenticated. This appeal followed.
 {¶ 9} Although they are not argued separately, appellant does set forth six "issues" on appeal which could be construed as assignments of error. In the interests of justice," this opinion will attempt to address the legally identifiable issues that can be gleaned from each.
 {¶ 10} Appellant's first, third, and sixth assignments of error are interrelated, so they will be addressed together. Appellant's first assignment of error states:
 {¶ 11} "Did Judge Maloney in the Court of Common Pleas, Probate err in making a ruling in total favor of the Fiduciary/surviving spouse awarding Fiduciary 100% of the wrongful death proceeds, denying Appellant any proceeds, when clear evidence was presented by Affidavit and exhibits that the Appellant/Consanguinity Beneficiary, in fact always had a good, loving relationship with her Father and moved to Ohio to care for and financially provide for both her father (the deceased) and her mother (the Fiduciary)?"
 {¶ 12} Appellant's third assignment of error states:
 {¶ 13} "Did Judge Maloney in the Court of Common Pleas, Probate err in not considering the Appellants sworn under oath Affidavit and the exhibits of receipts from her stays in hotels while visiting her father, her leased apartment, pay stubs from being employed in Youngstown during her fathers illness and `photos taken with *Page 5 
her father' during holidays, his birthday party, (that Appellant gave him), Fathers Day and other gatherings in 2001 and 2002, which exhibits enforce the Appellant's Affidavit?"
 {¶ 14} Appellant's sixth assignment of error states:
 {¶ 15} "Should Appellant suffer because of the false malicious testimony of Gloria Coman and Shirley Murphy, when exhibits/photos show that Appellant was in fact at the home of Shirley Murphy during the holidays with the deceased before his death and other photos and exhibits show the Appellants sons during her fathers illness in 2002 at many different occasions?"
 {¶ 16} In a wrongful death claim, the surviving spouse and children of the decedent are "rebuttably presumed to have suffered damages by reason of the wrongful death." R.C. 2125.02(A)(1). "R.C. 2125.03 empowers the probate division to distribute the proceeds of a wrongful death award or settlement to the beneficiaries. The latter statute directs the probate court to `adjust the share of each beneficiary in such manner as is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries.' R.C. 2125.03(A)(1)." In re Estate of Marinelli (1994),99 Ohio App.3d 372, 377-378, 650 N.E.2d 935.
 {¶ 17} It is within the probate court's discretion to determine an equitable distribution under R.C. 2125.03. Id. at 387, 650 N.E.2d 935. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v. Cleveland,103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 18} Appellant disputes the probate court's finding that she had a poor relationship with the decedent. She maintains that she moved back to Ohio from South Carolina for a period of time to care for the decedent during his illness. Appellee, Gloria Coman, counters that the probate court's distribution of the wrongful death proceeds was within its discretion and based solely on the evidence that was presented before it at the September 4, 2007 hearing. *Page 6 
 {¶ 19} The affidavit and other exhibits appellant refers to in these assignments of error are those that were attached to her September 13, 2007 "MOTION TO RECONSIDER/OBJECT AND CHARGE BOTH WITNESSES WITH PERJURY." To the extent that motion challenged the magistrate's factual conclusion concerning appellant's poor relationship with the decedent, the probate court judge generously construed it as an objection to the magistrate's decision. Civ. R. 53, which governs trials conducted by magistrates, allows for a party to file objections to a magistrate's decision. Civ. R. 53(D)(3)(b)(iii) provides in relevant part:
 {¶ 20} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."
 {¶ 21} Here, appellant did not support her objection with a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence as required by Civ. R. 53(D)(3)(b)(iii). Appellant's affidavit is a self-serving affidavit drafted before the magistrate's September 4, 2007 distribution hearing and detailing events that took place years before and outside of court. The affidavit referred to in Civ. R. 53(D)(3)(b)(iii) must be of the evidence before the magistrate. Blinsky v. Protain (July 5, 2001), 7th Dist. No. 00 C.A. 80. The affidavit and other attachments that appellant presented to the probate court in an attempt to satisfy this requirement did not describe the evidence presented in front of the magistrate. Consequently, appellant failed to comply with Civ. R. 53(D)(3)(b)(iii).
 {¶ 22} Also, the Ohio Supreme Court has noted "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratory (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218,400 N.E.2d 384. *Page 7 
 {¶ 23} The trial court acted properly in overruling appellant's objection. Without a transcript or an affidavit of the evidence, the court has no way to evaluate the evidence that was before the magistrate. Blinsky, supra.
 {¶ 24} Accordingly, appellant's first, third, and sixth assignments of error are without merit.
 {¶ 25} Appellant's second assignment of error states:
 {¶ 26} "Did Judge Maloney in the Court of Common Pleas, Probate err in biased prejudice, denying Appellant any portion of the proceeds when evidence provided clearly states that the Appellants brother David Jr whose address is the deceased estate at 3296 Allendale, and has lived in the deceased's home/estate since his death in October 2002, and the brother benefits from the estate and proceeds along with the Fiduciary and leaving only the Appellant, the deceased first born, without any benefits or proceeds?"
 {¶ 27} For the same reasons mentioned under appellant's first, third, and sixth assignments of error, appellant's second assignment of error is without record support. Additionally, David Coman, Jr. filed a signed waiver and consented to the proceeds being distributed to his mother. How she may or may not direct those proceeds after she receives them is purely speculative and her prerogative.
 {¶ 28} Accordingly, appellant's second assignment of error is without merit.
 {¶ 29} Appellant's fourth and fifth assignments of error are also interrelated and will be addressed together. Appellant's fourth assignment of error states:
 {¶ 30} "Did Judge Maloney in the Court of Common Pleas, Probate err in not considering the doctors report that was filed that said the Appellant is under doctors care and had physical injuries that prevented Appellant from traveling to personally appear in court on September 5, 2007"
 {¶ 31} Appellant's fifth assignment of error states:
 {¶ 32} "Should Appellant suffer from Judge Maloney's err of his biased Judgment Entry, because the Appellant is under doctors care and was having tests *Page 8 
that week of the court hearing and can not travel because if the extent of Appellants injuries that she still has?"
 {¶ 33} A trial court has broad discretion in determining whether to grant or deny a continuance. State v. Mason (1998), 82 Ohio St.3d 144,155, 694 N.E.2d 932 citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078, syllabus. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v. Cleveland,103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24. In considering a party's motion for continuance, a trial court should look at factors including but not limited to: the length of the delay requested; if any prior continuances were requested and received; the inconvenience to all parties involved, including the court; if the continuance is for legitimate reasons and if the party requesting the continuance contributed to the circumstances giving rise to the request for continuance. State v. Unger (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078
and Bland v. Graves (1994), 99 Ohio App.3d 123, 650 N.E.2d 117.
 {¶ 34} On August 28, 2007, appellant requested a continuance of the September 4, 2007 hearing concerning the distribution of the wrongful death proceeds. She claimed that she had been "involved in a personal injury" and would not be able to appear at the hearing due to those injuries. She also indicated that she was uncertain when she would be able to appear.
 {¶ 35} Here, the probate court did not abuse its discretion in denying appellant's August 28th request for a continuance. Of the factors mentioned above, the one that best supports the court's decision to deny the request is the length of the delay requested. In her request, appellant stated she was uncertain when she would be able to attend the hearing. Holding the hearing up for an undetermined length of time would also implicate another factor, creating an inconvenience for the other parties and the court. Presumably, the decedent's surviving spouse was looking for some closure. Lastly, appellant also had requested two prior continuances, one of which the court granted. *Page 9 
 {¶ 36} Accordingly, appellant's fourth and fifth assignments of error are without merit.
 {¶ 37} The judgment of the probate court is hereby affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1