**[Cite as *Ault v. Durbin*, 2022-Ohio-4826.]**

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| KARA L. AULT | Case No. 2022-00547PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF GALION – PAULA E. DURBIN, COUNCIL WOMAN | |
| Respondent | |

**{¶1}** The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. *State ex rel. Gannett Satellite Information Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the PRA in the Court of Claims.

**{¶2}** On May 25, 2022, requester Galion City Councilwoman Kara Ault made a public records request to respondent City of Galion's Director of Communications Matt Echelberry for

> the document that Council Woman Durbin read from last night during the council meeting on discussion during the discussion [*sic*] allowing outside council. I am also requesting if she received the document from an outside source (not written by her) any correspondence that came with the document for review.

(Complaint at 3.) On June 27, 2022, Clerk of Council Julie Bell responded "We are working on this. Thomas' office is involved. We have been told that the audio recording should be sufficient by Ms. Durbin." (*Id.* at 5.) No responsive records were produced.

{¶3} On July 12, 2022, Ault filed a complaint under R.C. 2743.75 alleging denial of timely access to public records in violation of R.C. 149.43(B). The case proceeded to mediation, and on November 4, 2022, the court was notified that the case was not resolved. On November 16, 2022, the City of Galion filed an answer/response (City Response). On November 21, 2022, Durbin filed an answer/response (Durbin Response).

{¶4} As a preliminary matter, the City and Durbin note that Ault made her request only to the City's clerk of council and communications director. The City and Durbin each make vague and ultimately inconsequential arguments as to which of them is "the actual Respondent in the Court of Claims." A requester may make a public records request to either the public office or any "person responsible for public records," R.C. 149.43(B)(1), or both. Consistent with the duty to construe the Public Records Act liberally in favor of broad access, a request made to an administrative official of a board or committee for the records of a member of that entity is sufficient and proper delivery of the request. *State ex rel. ACLU of Ohio v. Cuyahoga County Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 33-34. The court need not address the issue at any greater length since the documents sought - the personal notes of the council member involved – are not shown to meet the definition of "records" of either the City or Durbin.

### Burden of Proof

{¶5} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

### Request for an Official's Notes

{¶6} The Public Records Act applies only to "*records* kept by any public office." R.C. 149.43(A)(1). R.C. 149.011(G) provides a three-part definition of "records" as used in Revised Code Chapter 149:

> "Records" includes any document, device, or item, regardless of physical form or characteristic * * *, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

The Ohio Supreme Court applies the definition of records broadly and inclusively in favor of disclosure:

> The [Public Records] Act represents a legislative policy in favor of the open conduct of government and free public access to government records. As we noted in [*Dayton Newspapers, Inc.*, 45 Ohio St.2d 107, 109]:
>
> "'The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore anyone may inspect such records at any time * * *.'"
>
> * * *
>
> In R.C. 149.011(G), the General Assembly prefaces its definition of "records" with the term "includes," a term of expansion, not one of limitation or restriction. * * *

*State ex rel. Post v. Schweikert*, 38 Ohio St.3d 170, 172-173, 527 N.E.2d 1230 (1988). "The R.C. 149.011(G) definition of 'records' has been construed to encompass 'anything a governmental unit utilizes to carry out its duties and responsibilities.'" (Citations omitted.) *State ex rel. Beacon Journal Publishing Co. v. Whitmore*, 83 Ohio St.3d 61, 63, 697 N.E.2d 640 (1998).

{¶7} However, the statutory definition of "records" does not include every piece of paper on which a public official or employee writes anything. As relevant to this action:

> Notes may not constitute "records" subject to the Public Records Act if they are (1) kept as personal papers, not official records; (2) kept for the employee's own convenience; and (3) other employees did not use or have access to the notes. *State ex. rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 18. Notes taken by public officials for their convenience as interviewers, evaluators, or assessors, and subsequently used in deliberative processes that result in written summaries or decisions, generally do not constitute "records" of the public office. *Cranford* at ¶ 14-22 (predisciplinary conference notes); *Barnes v. Columbus*, 10th Dist. Franklin No. 10AP-637, 2011-Ohio-2808, ¶ 9-27 (civil

service commission assessors' notes); *State ex rel. Murray v. Netting*, 5th Dist. Guernsey No. 97-CA-24, 1998 Ohio App. LEXIS 4719 (police chief interviewers' notes). While such notes are often destroyed when of no further use to the drafter, retaining them in public office files does not automatically make them "records." *Cranford* at ¶ 21; *Silberstein v. Montgomery Cty. Cmty. College Dist.*, 2nd Dist. Montgomery No. 23439, 2009-Ohio-6138, ¶ 54, 67. Nor do personal notes lose their non-record status merely because they contain information that is not transferred to an official report. *State ex rel. Summers v. Fox*, 163 Ohio St.3d 217, 2020-Ohio-5585, 169 N.E.3d 625, ¶ 65-66.

*Paramount Advantage v. Ohio Dept. of Medicaid*, Ct. of Cl. No. 2021-00262PQ, 2021-Ohio-4180, ¶ 13. The Supreme Court holds that when notes are taken by an official for their own personal convenience and such notes not required to be maintained they are not records of the office, regardless of the substance of the information contained in the record. *Summers* at ¶ 66.

{¶8} Ault's request sought a document of unknown provenance and size that Durbin allegedly "read from" at a May 24, 2022 council meeting. (Complaint at 3.) Ault does not assert that any other city employees used or had access to the document. Durbin attests that the documents she read from were "my notes, which were both typewritten and handwritten." (Durbin Response, Durbin Aff.) Durbin's characterization of the nature of the documents is consistent with her referral to the requested papers as "notes" in an internal June 14, 2022 email. (*Id.*, Durbin Aff., attachment.) Since Ault affirmatively states that she did not know the nature of the document read from, Durbin's testimony that the requested documents were merely her notes stands uncontested.

{¶9} In *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 18-19, the Supreme Court found that notes taken by an official conducting a predisciplinary conference, which he used to refresh his memory of the conference at a subsequent civil service commission hearing, were not "records" because they were merely notes kept for his own convenience to recall events and were not kept as part of the city's or the planning commission's official records. The court found it significant that no information had been lost because the requester had also been present at the predisciplinary conference and could have taken his own notes or obtained a transcription. Further, most of the notes were actually read into the transcribed civil

service commission hearing. The court noted as a sixth factor that there was no evidence other city officials had access to or used the notes.

{¶10} The facts here closely resemble those in *Cranford.* The documents were the personal notes of Durbin, were used by her to make a statement at a council meeting, and the portions Durbin read were recorded in the council meeting video recording that was then posted on the Galion Facebook page. (City Response at 3, 14.) Considering the evidence before the court, the Special Master finds that Ault has not met her burden to show by clear and convincing evidence that the document(s) she requested were "records" as defined in R.C. 149.011(G).

**Conclusion**

{¶11} Upon consideration of the pleadings and attachments, the Special Master recommends the court find that the requested documents were not records of the Galion City Council or any member thereof and are therefore not subject to the Public Records Act. The Special Master recommends that requester's claim for production of documents be DENIED. It is recommended that costs be assessed to requester.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed December 22, 2022**
**Sent to S.C. Reporter 1/9/23**