[Cite as *Neilsen v. Scioto Cty. Pros.*, 2024-Ohio-2996.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TOM NEILSEN | Case No. 2024-00219PQ |
| Requester | Judge David E. Cain |
| v. | <u>JUDGMENT ENTRY</u> |
| SCIOTO COUNTY PROSECUTOR | |
| Respondent | |

In this public records case, Respondent Scioto County Prosecutor's Office objects to a Special Master's Report and Recommendation filed on June 12, 2024. The court sustains Respondent's objections and modifies the Report and Recommendation for the reasons set forth below.

### I.     Background

Requester Tom Neilsen's complaint involves his request for a copy of the case file related to the 2010 murder conviction of Christina Williams. Respondent Scioto County Prosecutor's Office ("the Prosecutor" or "the Prosecutor's Office") produced that file and, thereafter, Requester asked the Prosecutor to reopen the criminal case. The Prosecutor reviewed the matter but declined to reopen the case. On January 11, 2024, Requester submitted a multi-part revision of his December 2023 public records request, which superseded the December request (hereinafter "January Request"). On December 11, 2023, the Prosecutor announced the results of his investigation pursuant to Requester's multiple requests and declined to reopen the matter. Requester's complaint followed.

The court appointed a Special Master who referred the matter for mediation. Mediation failed to successfully resolve all disputed issues between the parties. The matter then proceeded before the Special Master.

{¶1} On June 12, 2024, the Special Master issued a Report and Recommendation ("R&R"). The Special Master recommended in the R&R that Respondent was entitled to

relief on only two parts of the 12-part January Request, Parts 5 and 6. The Special Master also concluded that: 1) the records related to Parts 1, 2, and 3 of the request sought information rather that records; 2) Requester failed to show that Respondent had records responsive to the request (Part 4); 3) the records had already been provided (Parts 7 and 8); and, 4) Requester had not shown that Respondent had the responsive records (Parts 9, 10, and 11).

{¶2} The Special Master recommended that "(1) Respondent be ordered to produce the records generated in connection with Respondent's investigation into the integrity of Christina Williams' conviction as requested in parts 5 and 6 of Requester's January 11, 2024, public records request or to certify that no responsive records exist." The Special Master also recommended that "(2) Requester recover his filing fee and costs; (3) Respondent bear the balance of the costs of this case, and (4) that all other relief be denied."

{¶3} On June 25, 2024, Respondent filed objections to the R&R, which were accompanied by Respondent's counsel's certification that the objections were served on Requester "via email."[1]  Respondent submits that the Parts 5 and 6 of the January Request are moot since the evidence established that the responsive records were provided and that there is no evidence that additional responsive records exist. On June 27, 2024, Respondent filed a response, wherein he contends that Requester's objections were not timely because they were filed more than seven days after receiving the R&R and that the remainder of the Special Master's R&R should be adopted.

## II.    Law and Analysis

Through the enactment of R.C. 2743.75, the General Assembly has created an alternative means to resolve public records disputes. *Welsh-Huggins v. Jefferson Cnty. Prosecutor's Off.*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), a special master is required to submit to this court a report and

---

[1] R.C. 2743.75(F)(2) requires an objecting party to "[send] a copy [of the objections] to the other party by certified mail, return receipt requested." Although the objections are procedurally deficient, the Court nonetheless will consider the objections in the interest of justice.

recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint. Pursuant to R.C. 2743.75(F)(2), parties may file written objections to a report and recommendation and responses thereto. According to R.C. 2743.75(F)(2), this court, within seven business days after a response to the objection is filed, "shall issue a final order that adopts, modifies, or rejects the report and recommendation."

Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cnty. Prosecutor's Off.*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cnty. Prosecutor's Off.*, 2020-Ohio-5371, ¶ 32. It is the requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

As an initial matter, although Requester contends that the Prosecutor's objection was untimely filed, "[e]ither party may object to the report and recommendation within *seven business days* after receiving the report and recommendation." (Emphasis added.) R.C. 2743.75(F)(2). The delivery receipt on the court's docket shows that the Prosecutor was served a copy of the R&R via certified mail on June 14, 2024, meaning that he had until June 26, 2024, to file any objection. As stated above, the Prosecutor filed his objections on June 25, 2024. Therefore, the court finds the Prosecutor's objections were timely filed.

{¶4} Pertinent to this court's review, Requester made two requests in his January Request, which stated:

> 5. Did you investigate the lies told by Pat Apel in Ms. Williams trial. I want every email or written correspondence concerning that investigation!! * * *

> 6. Did you investigate the lies told by Sharron Pennington at Ms. Williams trial? Same as above, I want the records that you investigated[.] *Respondent's Evidence*, pp. 42-43.

In the R&R, the Special Master first found that the questions posed by Requester in the first parts of those requests were requests for information detached from the records; therefore, the questions were outside the scope of R.C. 149.43(B) and R.C. 2743.75 and

Requester was not entitled to relief.  Neither Requester nor Respondent have objected to the Special Master's recommendation as to that issue.

The Special Master next found that the balance of the requests was proper and warranted relief.  He first determined that Requester was not seeking information but public records in the form of documents generated in connection with the Prosecutor's investigation into the Williams' conviction.  The Special Master then found the requests were properly framed because they referred to a specific subject: the records generated in connection with the Prosecutor's investigation from October 25, 2023, to December 11, 2023.  The issue raised in the Prosecutor's objections to the R&R relate to the Special Master's final finding as to whether records existed from the Prosecutor's investigation.

The Prosecutor argued before the Special Master that there were no records related to his investigation beyond the December 11, 2023 statement announcing his results.  In his R&R, the Special Master found based on his experience that "it [was] inconceivable that the Prosecutor could have 'thorough[ly]' digested that mass of information without notes, spreadsheets, memoranda, or some other analytical documents."  The Special Master expressed his "'firm belief' that there were records related to the investigation beyond the December 11, 2023 statement announcing its results."  The Special Master concluded there was clear and convincing evidence that additional responsive records exist and he "recommended that the court order the Prosecutor to produce all records generated in connection with his investigation into the Williams conviction *or to certify that no additional records exist*." (Emphasis added).

{¶5} In response to the Special Master's recommendation that the Prosecutor either produce additional records or certify that no additional records exist, the Prosecutor stated in his objection to the R&R that "[t]he only public record created as a result of the investigation into the Williams' criminal conviction was the December 11, 2023 correspondence that was provided to the Requester on December 18, 2023 via email and again on February 26, 2024 via email."  The Prosecutor argued that if he took notes, created spreadsheets, memoranda, or other analytical documents, those documents were not public records because they were personal notes to assist in recalling his investigation into Requester's request.  The court agrees.

{¶6} The Supreme Court of Ohio addressed whether personal notes by public officials or employees constitute public records in *State ex rel. Steffen v. Kraft*, 67 Ohio St.3d 439, 1993-Ohio-32. In *Steffen*, the Court determined that handwritten trial notes are not public records, and that a mandamus action for disclosure of those notes should be dismissed. *Steffen*, 67 Ohio St.3d at 440. R.C. 149.43(A)(1) "does not define a 'public record' as any piece of paper on which a public officer writes something." *Barnes v. Columbus*, 2011-Ohio-2808, ¶ 19-20 (10th Dist.), citing *Steffen* at 440. "Ultimately, the court concluded that the notes were 'simply personal papers kept for the judge's own convenience and not official records.'" *Id.* *See also State ex rel. Cranford v. Cleveland*, 2004-Ohio-4884 (notes taken by the City Planning Commission Director during a predisciplinary conference from which the director read and relied on during a hearing on the petitioner's appeal from his subsequent discharge were not public records subject to disclosure under R.C. 149.43.)

{¶7} Accordingly, even assuming the Prosecutor had relied on notes, spreadsheets, memoranda, or other analytical documents during its investigation into Williams' conviction, the court finds those personal notes do not constitute public records. The court therefore concludes there is no clear and convincing evidence that additional responsive records exist. Requester is not entitled to relief regarding Parts 5 and 6 of the January Request.

{¶8} For the reasons stated above, the court finds that Respondent's objections to Sections II.B.3 and II.D. of the Special Master's R&R are well taken. The R&R shall be modified to reflect that Requester is not entitled either to additional records regarding Parts 5 and 6 of the January Request or to recover his filing fees and costs.

### III.    Conclusion

The Court SUSTAINS Respondent's objections and modifies the Special Master's Report and Recommendation, as set forth above. Accordingly, court costs are assessed against Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DAVID E. CAIN
Judge

Filed July 11, 2024
  Sent to S.C. Reporter 8/8/24