OPINION
(NUNC PRO TUNC)
{¶ 1} This matter is on appeal from the trial court's grant of summary judgment in favor of appellee, Lynda Guerard, and against appellant, Thomas Mason, the Administrator of the Estate of James Ivan Brady Parker-Guerard, deceased.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 29, 2005, Thomas Mason, as the administrator of James Ivan Brady Parker-Guerard's estate, filed a wrongful death action against the child's natural mother, Lynda Guerard. In the complaint, appellant alleged that on August 28, 2003, at 14037 Township Road 213 in Holmes County, Ohio, the child died from injuries sustained in an automobile accident which was the proximate result of appellee's negligence. Specifically, that the child died from asphyxia when his head got lodged in the window of a van parked in the mother's driveway. Appellant also alleged loss of support, services, society, prospective inheritance and emotional distress. On October 25, 2005, appellee filed an answer to the complaint, in which she admitted that her son had died on August 28, 2003, denied the allegations that she had been negligent and set forth several affirmative defenses.
 {¶ 3} On February 26, 2007, with leave of court, appellee filed a motion for summary judgment. The summary judgment motion and memorandum in support referenced the deposition transcripts of Lynda Guerard and James Guerard. However, the trial docket does not reflect that the deposition transcripts of Lynda Guerard and James Guerard were filed and made a part of the record. On March 19, 2007, appellant filed a timely response in opposition which included, as an exhibit, an investigative report of the Holmes County Sheriff's Department. *Page 3 
 {¶ 4} On March 23, 2007, appellee moved to strike the investigative report attached to appellant's motion in opposition. Appellant did not respond to the motion to strike. On March 29, 2007, the trial court granted appellee's motion to strike stating that the investigative report was not an affidavit in compliance with Civ. R. 56(C). The trial court further granted summary judgment in favor of the appellee and against the appellant and judgment in favor of appellee and against the appellant on appellant's wrongful death complaint. It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY STRIKING FROM EVIDENCE A CERTIFIED COPY OF THE HOLMES COUNTY SHERIFF'S DEPARTMENT REPORT ON THE DEATH OF THE CHILD.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING SUMMARY JUDGMENT ON THE ISSUE OF WHETHER OR NOT THE DEFENDANT-APPELLEE WAS NEGLIGENT IN FAILING TO ADEQUATELY SUPERVISE HER FOUR YEAR OLD SON, WHO DIED PLAYING ON A MOTOR VEHICLE WHILE HIS MOTHER WAS ON A COUCH IN THE LIVING ROOM WITH A WINDOW RIGHT BY THE COUCH WHICH PROVIDED A FULL VIEW OF THE ACCIDENT SCENE."
 I {¶ 7} In the first assignment of error, appellant argues that the trial court abused its discretion in granting appellee's motion to strike a certified copy of the Holmes County Sheriff's Department report which was attached to appellant's summary judgment response. We disagree. *Page 4 
 {¶ 8} "A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of an abuse of discretion." State ex rel. Mora v. Wilkinson (2005),105 Ohio St. 3d 272, 2005-Ohio-1509, 824 N.E. 2d 1000, quoting Samadder v. DMF of Ohio,Inc. (2003), 154 Ohio App. 3d 770. 2003-Ohio-5340, 798 N.E. 2d 1141. Abuse of discretion means the decision is unreasonable, arbitrary or unconscionable. State ex rel Crawford v. Cleveland (2004),103 Ohio St. 3d 196, 814 N.E. 2d 1218, at paragraph 24.
 {¶ 9} When a party moves for summary judgment and supports its motion with sufficient evidentiary materials, the party opposing has a reciprocal burden of responding with evidentiary materials which set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449; Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 51-52, 567 N.E.2d 1027.
 {¶ 10} Civ. R. 56(C) provides an exclusive list of materials a trial court may consider when deciding a motion for summary judgment including pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ. R. 56; Spier v. American Univ. of the Carribbean (1981),3 Ohio App 3d 28, 443 N.E. 2d 1021. "If a document does not fall within one of these categories, it can be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit."Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App. 3d 83, 89,590 N.E. 2d 411. "Documents which are not sworn, certified or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." Mitchell v. Ross (1984),14 Ohio App. 3d 75, *Page 5 470 N.E. 2d 245; Wolford v. Sanchez, Lorain App. No. 05CA008674,2005-Ohio-6992, (holding, a police incident report attached to a motion for summary judgment, without being incorporated by affidavit, did not fall into one of the categories of evidentiary materials listed in Civ. R. 56(C); Pattyson v. Dave Phillips Masonry Inc., Summit App. No. 24161, 2008-Ohio-4078, (trial court properly declined to consider a building inspector's report attached to a summary judgment response which was not properly incorporated by affidavit.) Also, see Venger v.Davis, Summit App. No. 16567, (June 29, 1994), 1994 WL 286269, in which the court found that Civ. R. 56(C) did not permit a certified copy of a police report, attached to appellant's brief in opposition to appellee's summary judgment motion, without an affidavit.
 {¶ 11} In the case sub judice, appellant's response included, by way of an attached exhibit, an investigative report of the Holmes County Sheriff's Department. The sheriff's report does not fall within one of the categories of evidentiary material listed in Civ. R. 56(C). Additionally, the sheriff's report was not incorporated into a properly framed affidavit. As such, the document had no evidentiary value and could not be considered by the court.
 {¶ 12} For these reasons, we find the trial court did not abuse its discretion in declining to consider and in granting appellee's motion to strike the certified police report from the summary judgment response. Accordingly, appellant's first assignment of error is hereby overruled.
 II {¶ 13} In the second assignment of error, appellant argues that the trial court abused its discretion in granting summary judgment in favor of appellee. Specifically, *Page 6 
appellant argues that there are genuine issues of material fact. Upon a review of the record, we concur with appellant but for different reasons.
 {¶ 14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, an appellate court conducts a de novo review of a trial court's summary judgment. See, e.g., Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts independently review the record to determine whether summary judgment is appropriate and need not defer to the trial court's decision. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, to determine whether a trial court properly granted summary judgment, an appellate court must review the Civ. R. 56 standard as well as the applicable law.
 {¶ 15} Civ. R. 56(C) provides:
 {¶ 16} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that *Page 7 
party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 17} Thus, a trial court may not grant summary judgment unless the evidentiary materials demonstrate that: (1) no genuine issue as to any material fact remains to be litigated; (2) after the evidence is construed most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164.
 {¶ 18} Under Civ. R. 56, the moving party bears the initial burden to inform the trial court of the motion's basis and to identify those portions of the record that demonstrate the absence of a material fact.Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. A moving party cannot, however, discharge its initial burden with a conclusory assertion that the nonmoving party has no evidence to prove its case. See Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 147, 677 N.E.2d 308; Dresher, supra. Rather, a moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ. R. 56(C); Dresher, supra.
 {¶ 19} It is important to recognize that "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall *Page 8 
not grant a summary judgment." Pennsylvania Lumbermans Ins. Corp. v.Landmark Elec, Inc. (1996), 110 Ohio App.3d 732, 742, 675 N.E.2d 65. In other words, "If the moving party fails to meet its burden, summary judgment is inappropriate". Dresher, 5 Ohio St.3dat 294,662 N.E.2d 264. Furthermore, "[u]nless and until the movant has properly supplied the court with evidentiary materials to meet the test of the rule, the nonmoving party has no burden to oppose the movant or supply contra evidence, in order to avoid an adverse ruling." Pond v. Carey Corp.(1988), 34 Ohio App.3d 109, 112, 517 N.E .2d 928, 931.
 {¶ 20} In this case, the docket reflects that on February 26, 2007, with leave of court, appellee filed a motion for summary judgment. As grounds for the motion, appellee argued that there were no genuine issues of material fact and, therefore, appellee was entitled to judgment as a matter of law. Appellee also filed a memorandum in support which included numerous references to the deposition transcripts of appellee, Lynda Guerard, and the deceased child's stepfather, James Guerard. However, the trial court's docketing statement does not show that the depositions of appellee, Lynda Guerard, and the deceased child's stepfather, James Guerard, were properly filed for the trial court's review. The trial court docket only indicates that, on March 23, 2006, the deposition transcript of Thomas Mason was properly filed and made a part of the record.
 {¶ 21} Upon de novo review, this Court can only consider evidence that was legitimately before the trial court in support of the motion for summary judgment. The only information legitimately available for this Court's de novo review is appellee's motion for summary judgment and memorandum in support. Appellee can not succeed *Page 9 
on a conclusory motion that the appellant has no evidence to prove its case. Therefore, pursuant to Civ. R. 56, we do not find appellee's pleadings alone to be of sufficient evidentiary value to support the trial court's grant of summary judgment in favor of the appellee.
 {¶ 22} Accordingly, appellant's second assignment of error is well taken and is hereby sustained.
 {¶ 23} Accordingly, this matter is hereby reversed and remanded to the trial court for further proceedings in accordance with this court's opinion and law.
 Edwards, J. Farmer, P.J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is reversed and remanded for further proceedings. Costs assessed to appellee. *Page 1