[Cite as *Newell v. Brookshire*, 2015-Ohio-4933.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| FRANK L. NEWELL II | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2015CA00062 |
|  | : |  |
| DAVID BROOKSHIRE, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
Common Pleas, Case No. 2013CV01295

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 23, 2015

APPEARANCES:

For: Plaintiff-Appellant
CHRISTOPHER VAN BLARGAN
KEITH G. MALICK
3412 W. Market Street
Akron, OH 44333

For: Defendants-Appellees
JOSEPH K. OLDHAM
759 West Market Street
Akron, OH 44303

For: City of Canton
KEVIN L'HOMMEDIEU
Canton Law Department
218 Cleveland Avenue S.W.
Canton, OH 44701

For: Susan Kahan & David Korman
THOMAS CABRAL
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115

*Gwin, P.J.*

{¶1} Appellant appeals the March 25, 2015 judgment entry of the Stark County Common Pleas Court granting summary judgment to appellees.

*Facts & Procedural History*

{¶2} On September 14, 2009, appellant Frank Newell was riding his motorcycle west on Lawrence Road N.E. in Canton.  Appellant was injured when a tree split and fell on top of him, striking him in the head, and totaling his motorcycle.  On May 14, 2013, appellant filed a negligence complaint against appellees City of Canton ("Canton"), David Brookshire, Bev Ann Brookshire, Mary Beth Brooks, and the estate of Anne Freedman.  Appellant originally filed the complaint against Candace and Sandra Cain, the owners of the property at 1219 Lawrence Road N.E.; however, the Cains were subsequently voluntarily dismissed by appellant.  Appellant alleged that the tree was defective, appellees should have known of the defect, and appellees were negligent in failing to inspect and remove the tree.  The 2013 complaint was a re-filing of a complaint originally filed in 2011.

{¶3} There is a dispute as to who owned the property where the tree was located. Appellant named as defendants David and Bev Ann Brookshire, the owners of the property at 1231 Lawrence Road N.E. and Mary Beth Brooks, the renter of the property at 1231 Lawrence Road N.E.  Appellant also named as defendants Susan Kahan and David Korman, the co-executors of the estate of Anne Freedman, who owned the property at 1223 Lawrence Road N.E.  Appellants named Canton as a defendant, alleging that Canton failed to keep the roads free from obstruction.

{¶4} Appellees each filed a motion for summary judgment. Several affidavits were submitted in supports of appellees' motions. Both Candace and Sandra Cain submitted affidavits stating that they were the owners of 1219 Lawrence Road N.E. and never noticed any defect in the fallen tree prior to September 14, 2009. Both David Korman and Susan Kahan submitted affidavits that stated they are co-executors of the estate of their mother Anne Freedman, at no time prior to the incident involving appellant was their mother made aware of any information that a tree on her property was in an obviously defective condition or that there were any problems with any of the trees on her property. Further, that after she died on July 19, 2011, they reviewed papers and other documents and none of those papers or documents made any mention of a defective tree on her property in Ohio.

{¶5} David Brookshire's affidavit provides that he owns 1231 Lawrence Road N.E., rented that property to Mary Beth Brooks at the time of the accident, and that he lives near the subject property. Further, that, prior to the accident involving appellant, the tree appeared in all respects normal and healthy looking, he had no notice of any problem with the tree, had no reason to believe that the tree was unsafe, and he received no complaints related to the tree. Appellees also submitted the deposition testimony of appellant, who stated that he was familiar with the roadway prior to the accident and noticed no problem with this particular tree.

{¶6} In appellant's response to Canton's motion for summary judgment, appellant asserted, for the first time, that the tree encroached on Canton's right of way and Canton negligently performed a proprietary function. Appellant attached four handwritten, unauthenticated witness statements to his opposition to appellees' motions

for summary judgment.  One of the witness statements is dated September 14, 2009 and the other three witness statements are dated September 17, 2009.  Appellant also filed a motion for extension of time to file affidavits authenticating the witness statements.  Appellees opposed appellant's motion to extend time.  Appellant also submitted in his opposition to the motions for summary judgment photographs taken after the accident.

{¶7}    Appellant filed an authenticated report by Alan Klonowski ("Klonowski"), a certified arborist.  Klonowski performed a visual inspection of the stump of the tree on July 24, 2013 and prepared his report on October 18, 2013.  Klonowski also indicated in his report that he reviewed photographs taken after the incident.  In the "Glossary" section of his report, Klonowski states that "hazard tree rating" refers to the relative potential for a tree to become hazardous and that the hazard rating is the sum of three pieces of information: the failure potential, the size of the defective part, and the potential target.  Klonowski stated that a rating of twelve may require immediate removal, but a twelve rating does not always require removing the tree.

{¶8}    In the "Observations" section of his report, Klonowski stated that:  the tree was not planted as part of the landscape and grew naturally on the site; the tree could be seen from Lawrence Road N.E., adjacent residences, and residences across the street; the site is well drained and steeply sloping; the site is well suited for growing trees; both stems of the tree were alive at the time of the failure of the south trunk; there is visible evidence of butt rot (decay) at the south tree trunk; the remaining north trunk is leaning slightly; the photographs show that the failed south trunk had an unbalanced

crown with branches almost entirely on the south side; and that the south trunk was approximately 60 feet tall from his review of the photograph.

{¶9}    Klonowski concluded the tree had a hazard rating of 12 prior to the failure of the south trunk.  Klonowski based this conclusion on several observations:  the large diameter of the trunk capable of falling into an area of pedestrian and vehicular traffic; the failed south trunk had an unbalanced crown and a lean to the south, which is a characteristic of codominant stems; the tree had codominant trunks; the failed south tree had butt rot (decay); the failed south trunk had little holding wood at its base; Ailanthus trees are prone to failure; the tree was on unstable, sloping ground; and the tree was growing out of a stone retaining wall that negatively impacted normal root development.

{¶10} The trial court issued a judgment entry on March 25, 2015.  In the judgment entry, the trial court denied appellant's request to file the authenticated witness statements instanter and granted appellees' motion to strike the witness statements.  The trial court stated that the witnesses' identities and statements signed in 2009 were not provided in discovery to appellees in this case or the previously filed action.  The trial court denied appellees' motion to strike the Klonowski report and affidavit.

{¶11} Finally, the trial court granted appellees' motions for summary judgment. The trial court found that there is no evidence that appellees had actual or constructive notice that the tree was defective and thus owed no duty to appellant.  The trial court determined that the Klonowski affidavit did not create a genuine issue of material fact as to actual or constructive notice because the factors contained in his rating report would

only be known to an expert; Klonowski never says that the observations would alert a reasonable person that the tree had a defect; and Klonowski never says appellees knew or should have known that the condition of the tree posed an unreasonable risk of harm to others. The trial court found that, even if appellees had a duty to inspect, there is no evidence that, upon inspection, there was actual or constructive notice that the tree was defective.

{¶12}  With regards to Canton, the trial court found that appellant cannot fulfill his summary judgment burden by asserting new claims (that maintenance of trees on city property is a proprietary function) in response to a motion for summary judgment.  Since these allegations were not contained in the complaint against Canton, the trial court struck any argument with regards to Canton negligently performing a proprietary function.  As to appellant's obstruction argument pursuant to R.C. 2744.03(B)(3), the trial court found that there was no dispute that, at the time of the accident, the tree was not in the roadway.

{¶13}  Appellant appeals the March 25, 2015 judgment entry of the Stark County Common Pleas Court and assigns the following as error:

{¶14}  "I. THE TRIAL COURT ERRED IN WEIGHING THE EVIDENCE AND FINDING AS A MATTER OF LAW THAT A REASONABLE PERSON COULD NOT HAVE APPRECIATED THE TREE WAS DEFECTIVE AND POSED A RISK OF INJURY TO MOTORISTS ON LAWRENCE ROAD N.E.

{¶15}  "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING NEWELL'S MOTION FOR LEAVE TO FILE AUTHENTICATED WITNESS STATEMENTS AND IN STRIKING AND IN REFUSING TO CONSIDER THE

MCKENDREE AFFIDAVITS FILED BY NEWELL IN RESPONSE TO APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON GROUNDS THEY WERE NOT TIMELY PRODUCED IN RESPONSE TO CANTON'S DISCOVERY REQUESTS WHERE SUCH OMISSION WAS INADVERTENT AND LESS DRASTIC ALTERNATIVES WERE AVAILABLE TO SANCTION APPELLANT AND AVOID PREJUDICE, IF ANY, TO APPELLEES.

{¶16} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO CANTON, BASED ON POLITICAL SUBDIVISION IMMUNITY WHERE THE MAINTENANCE OF TREES ON CITY PROPERTY IS A PROPRIETARY FUNCTION THAT FALLS WITHIN OHIO REVISED CODE SECTION 2744.02(B)(2)'S EXCEPTION TO IMMUNITY."

*Summary Judgment*

{¶17}   Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that

party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶18} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶19} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶20} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-

moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶21} Appellant first argues that the trial court erred in granting summary judgment to appellees. Specifically, appellant asserts that he presented sufficient evidence to permit a jury to reasonably conclude that an average person would have discovered the tree's defect upon inspection.

{¶22} In order to sustain a claim of negligence, appellant must show: a duty owed by appellees to appellant, a breach of that duty, injury or damages, and the existence of proximate cause between the breach and the injury or damages. *Mussivand v. David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989). The existence of a duty depends on the foreseeability of the injury. *Id.* "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Id.*

{¶23} A landowner in an urban area has a duty to exercise reasonable care to prevent an unreasonable risk of harm to others from decaying, defective, or unsound trees of which such landowner has actual or constructive notice. *G.H. & M. Development & Construction Co. v. Vinton*, 5th Dist. Stark No. CA-9064, 1993 WL 35579 (Jan. 19, 1993). Actual notice is defined as "notice given directly to, or received personally by, a party." *Johnston v. Filson*, 12th Dist. Clinton No. CA2014-04-007,

2014-Ohio-4758. Constructive notice is defined as notice "arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of." *Id.* Further, for a landowner's duty to be triggered, the landowner must have actual or constructive knowledge of a "patently defective condition of a tree." *Heckert v. Patrick*, 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984). While the *Heckert* court did not define "patently defective," it cited with approval the holding in *Hay*, wherein the court defined "patently defective" as "apparent, which a person can see with his own eyes." *Hay v. Norwalk Lodge no. 730*, 92 Ohio App. 14, 109 N.E.2d 481 (6th Dist. Huron 1951).

{¶24} In this case, there is no evidence that appellees had actual notice of the tree's condition prior to the accident. Thus, the question is whether appellees had constructive notice of a patently defective condition of the tree.

{¶25} Appellees, in support of their motions for summary judgment, submitted affidavits by the Cains stating that they never noticed a defect in the tree prior to September 14, 2009. They also submitted the affidavit of appellee David Brookshire stating that the tree appeared normal and healthy looking, he had no notice of any problems with the tree, and he had no reason to believe the tree was unsafe. Additionally, appellees submitted the deposition testimony of appellant in which he stated that he was familiar with the road and that, prior to the accident, he noticed no problems with the tree.

{¶26} In order to rebut this testimony, appellant submitted the affidavit and report of Klonowski and argues the affidavit and report create a genuine issue of material fact. We disagree. First, Klonowski did not see any pictures of the tree before it fell. Additionally, Klonowski inspected only the stump of the tree and did not do so until

approximately four (4) years after the accident. He makes no assertion as to what the tree would have looked like or what was visible as to the tree at the time of the accident. As stated by the Ohio Supreme Court in *Heckert*, "while there was evidence by way of the horticulturists' affidavit that the tree had been dying for some time, this observation was made of the tree's interior after the limb had fallen. This affidavit provides no evidence that the condition could have been observed prior to the accident." 15 Ohio St.3d 402, 473 N.E.2d 1204 (1984).

**{¶27}** Klonowski's affidavit and report do not indicate what the tree looked like on the outside in 2009 or that the condition could have been observed prior to the accident. While the information contained in the report to determine a "hazard rating," such as the failure potential, size of defective part, and potential target might be intuitive to a trained arborist, the expert gives no indication in his report what would be "apparent" or what someone could "see with one's own eyes" in 2009. Klonowski refers to rot on the interior of the stump but does not state it was visible on the outside of the tree in 2009.

**{¶28}** Appellant contends that the "apparent" or "visible" items listed in Klonowski's report of the large diameter of the tree and the lean of the tree was sufficient to provide appellees with constructive notice of a patent defect and thus a genuine issue of material fact exists. However, Klonowski's report also includes the "visible" items that there was sound wood above the decayed wood, the site was well-suited for growing trees, and both stems were alive at the time of the accident. Klonowski does not state how appellees, as lay people, could have calculated the hazard rating of twelve in 2009 based upon the tree's large diameter and a lean.

Klonowski stated that a rating of twelve may require immediate removal, but a twelve rating does not always require removing the tree. While a certified arborist certainly could have noticed the tree's condition given his expertise and experience, given the affidavits and deposition testimony submitted by appellees and the lack of other evidence in the record, the record does not establish that the large diameter of the tree and the lean alone creates a genuine issue of material fact concerning constructive knowledge of a patent defect in the tree to a lay person. *Johnston v. Filson*, 12th Dist. Clinton No. CA2014-04-007, 2014-Ohio-4758; *Kish v. Scrocco*, 7th Dist. Mahoning No. 11 MA 197, 2013-Ohio-899.

{¶29} Appellant argues that, even if the Klonowski affidavit does not create a genuine issue of material fact, the photographs submitted in his response to appellees' motions for summary judgment are sufficient to create a genuine issue of material fact. However, unlike in *Levine v. Brown*, 8th Dist. Cuyahoga No. 92862, 2009-Ohio-5012, in which a plaintiff submitted photographs of the tree before the accident that showed a dead tree with termite holds, no live branches, bark, or green leaves, or in *Motorists Mut. Ins. v. Flynn*, 4th Dist. Highland No. 11CA28, 2013-Ohio-1501, in which photographs of the tree before the accident showed a high tree growing at an unusual angle and leaning over a house, in this case, appellant submitted no photographs of the tree prior to the incident to show what the visible condition of the tree was prior to the incident. Further, the pictures submitted after the accident do not show holes in the tree, showed live branches and bark on the tree, along with green leaves. As noted by Klonowski, both stems were alive at the time of the accident. Thus, the photographs do

not create a genuine issue of material fact that the tree was in a patently defective condition visible to appellees.

{¶30} Based on the foregoing, we find the trial court did not err in granting appellees' motions for summary judgment as there is no genuine issue of material fact as to appellees actual or constructive notice of a patent defect in the tree. Appellant's first assignment of error is overruled.

II.

{¶31} Appellant, in his response to the motions for summary judgment, submitted unauthenticated witness statements asserting that trees regularly fell on appellees' property prior to the accident and that a Canton van had stopped in front of the tree before the accident after a truck struck the tree's branches that morning. The trial court struck the affidavits. Appellant argues the trial court abused its discretion in striking the affidavits which were attached to his summary judgment response. We disagree.

{¶32} A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent an abuse of discretion. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000. An abuse of discretion means the decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Crawford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218.

{¶33} If a document does not fall within one of the categories of materials specifically listed in Civ.R. 56(C) of materials a trial court may consider when deciding a motion for summary judgment, it can be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. *Martin v. Central Ohio Transit*

*Authority*, 70 Ohio App.3d 83, 590 N.E.2d 411 (10th Dist. Franklin 1990). "Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court." *Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (8th Dist. Cuyahoga 1984). In this case, appellant filed handwritten witness statements in response to appellees' motions for summary judgment that were not authenticated. As such, the witness statements had no evidentiary value and could not be considered by the trial court. *Mason v. Guerard*, 5th Dist. Holmes No. 07CA009, 2008-Ohio-5550.

{¶34} Appellant further contends that the trial court's granting of the motion to strike was an improper discovery sanction due to his failure to provide the identity of the witnesses or the existence of the witness statements. Even if we construe the trial court's decision as a discovery sanction, we find the trial court did not abuse its discretion.

{¶35} A trial court has the discretion to determine what sanction should be imposed for a discovery violation, and a reviewing court may reverse only on a finding of abuse of discretion. *Nakoff v. Fairview General Hospital*, 75 Ohio St.3d 354, 662 N.E.2d 1 (1996). The trial court may exclude the testimony of an undisclosed witness as a sanction when the failure to disclose caused unfair surprise with prejudice to the opposing party. *Anderson v. Lorain County Title Co.*, 88 Ohio App.3d 367, 623 N.E.2d 1318 (9th Dist. Lorain 1993).

{¶36} In this case, Canton propounded interrogatories on appellant on June 6, 2013, asking him to identify any witnesses with information concerning appellant's allegations. Appellant did not provide the names of the witnesses that filled out the

witness statements or identify the statements themselves. Neither the identity of the witnesses or their actual written statements were provided to appellees in this re-filed action or in the previously filed action until his response to the motions for summary judgments, despite the fact that appellees served written discovery upon appellant which called for their identification or production. Accordingly, we find the trial court did not err in striking the witness statements. Though appellant argues the witness statements were work product, they are dated contemporaneous to the incident and do not constitutes counsel's mental impressions, opinions, conclusions, judgments, legal theories, or strategies; further, they are not notarized or authenticated. *Squire, Sanders & Dempsey v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533.

{¶37} Appellant's second assignment of error is overruled.

III.

{¶38} Appellant argues the trial court erred in granting summary judgment to Canton based upon political subdivision immunity. We utilize a three-tiered analysis to determine whether a political subdivision is immune from tort liability. First, we begin with the understanding that political subdivisions are not liable generally for injury or death to persons in connection with a township's performance of a governmental or proprietary function. R.C. 2744.02(A)(1). Second, we consider whether an exception to that general rule of immunity applies. R.C. 2744.02(B). If an exception to immunity does apply, Canton has the burden and ability to reinstate immunity by demonstrating another statutory defense applies. R.C. 2744.03. *Howard v. Miami Twp. Fire Division*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311.

{¶39} Neither party disputes that Canton is a political subdivision as defined in R.C. 2744. Consequently, the general grant of immunity accorded to Canton under R.C. 2744.02(A)(1) applies in the instant case and will preclude liability unless appellant can show that an exception under R.C. 2744.02(B) applies. At issue in this case are two exceptions contained in R.C. 2744.02(B)(2) and R.C. 2744.02(B)(3).

{¶40} Appellant alleged in his complaint that Canton had the duty of keeping its roads within the municipality in repair and free from obstructions and Canton failed to do so. R.C. 2744.02(B)(3) imposes liability upon a political subdivision for "injury, death, or loss to person or property caused by [its'] negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads." The Ohio Supreme Court has held that, for the purposes of R.C. 2744.02(B)(3), an "obstruction" must be an obstacle that impedes the use of the roadway. *Howard v. Miami Twp. Fire Division*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311. A thing or condition that has the potential or threat to impede the use of the roadway is not an "obstruction" for purposes of R.C. 2744.02(B)(3). *Id.* In this case, there is no dispute that, at the time of the accident, the tree was not in the roadway. Rather, it fell on appellant as he was riding his motorcycle. Accordingly, the exception contained in R.C. 2744.02(B)(3) does not apply to abrogate Canton's general grant of immunity.

{¶41} R.C. 2744.02(B)(2) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of a political subdivision." For the first time in the case, appellant, in his memorandum in opposition to Canton's motion for summary judgment, asserts the argument that the maintenance of trees on city property

is a proprietary function. Specifically, appellant argued in his memorandum in opposition that Canton's duty to inspect and remove defective trees from its right of way was a proprietary function and thus Canton could be held liable for negligently performing that task.

{¶42} We agree with the trial court that appellant cannot assert a new theory in his response to a properly supported motion for summary judgment. Appellant did not allege a proprietary function claim or argument in his first complaint filed in 2011 or in his re-filed complaint in 2013. Appellant first raised his proprietary function theory/claim in his response to Canton's motion for summary judgment. With regards to Canton, appellant, in his complaint, alleged only that Canton had the duty of keeping its roads within the municipality in repair and free from obstructions and that Canton failed to do so. At no time between the filing of the complaint and the filing of the memorandum in opposition to summary judgment did appellant give any indication that he was pursuing any claims or theories other than those stated in his original complaint.

{¶43} A plaintiff cannot fulfill his burden to show a triable issue of fact by asserting new claims or theories in response to a properly supported motion for summary judgment. *Greene v. Whiteside*, 181 Ohio App.3d 253, 2009-Ohio-741, 908 N.E.2d 975 (1st Dist. Hamilton). This tactic would permit every non-moving party plaintiff to avoid summary judgment by simply asserting different claims based on different substantive law with different material facts. *Bradley v. Sprenger Enterprises, Inc.*, 9th Dist. Lorain No. 07CA009238, 2008-Ohio-1988; *Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480. Canton's motion for summary judgment was based on the claims presented in the complaint and appellant was required to respond

to the motion for summary judgment based on the claims already presented. *Scassa v. Dye*, 7th Dist. Carroll No. 02CA0779, 2003-Ohio-3480.

**{¶44}** Further, even if we were to consider appellant's proprietary function argument, the body of law from other courts supports the conclusion that a political subdivision's responsibility for maintaining trees adjacent to public roads is a governmental function. In *Laurie v. Cleveland*, the court held that tree trimming is a governmental function under the general definition set forth in R.C. 2744.01(C)(1) because it is an obligation imposed upon the city as a sovereign under R.C. 732.01. 8th Dist. Cuyahoga No. 91665, 2009-Ohio-869. In *Seikel v. Akron*, a tree fell on a vehicle, injuring the passenger. 191 Ohio App.3d 362, 2010-Ohio-5983, 946 N.E.2d 250 (9th Dist. Summit). The passenger sued and claimed that tree maintenance is a proprietary function because it is not a governmental function and because it is a function that promotes the public peace or is an activity that is customarily performed by non-governmental persons. *Id.* The court found that a political subdivision's responsibility for maintaining trees adjacent to public grounds is a governmental function. *Id.*; see also *Harp v. Cleveland Heights*, 87 Ohio St.3d 506, 2000-Ohio-467, 721 N.E.2d 1020 (analyzing any potential for an exception to immunity under R.C. 2744.02(B)(3) as a governmental function, not under R.C. 2744.02(B)(2) as a proprietary function).

**{¶45}** The trial court did not err in granting summary judgment to Canton based upon political subdivision immunity. Appellant's third assignment of error is overruled.

{¶46} Based upon the foregoing, we overrule appellant's assignments of error. The March 25, 2015 judgment entry of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur